NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000151
17-DEC-2013
08:50 AM**

NO. CAAP-10-0000151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AIYU EZRA, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CV. NO. 1SD-10-1-16)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Petitioner-Appellant Aiyu Ezra (Ezra) appeals from the "Findings of Fact, Conclusions of Law and Order Denying [Hawaiʻi Rules of Penal Procedure (HRPP)] Rule 40 Petition to Vacate, Set Aside, or Correct Judgment" (Order Denying Rule 40 Petition) filed by the District Court of the First Circuit (District Court).[1] We affirm.

I.

In the underlying criminal case, Ezra was charged with (1) operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2008), and being subject to sentencing under HRS § 291E-61(b)(4) (Supp. 2008) for committing the offense within five years of two prior OVUII convictions; and (2) driving without a license (DWOL), in violation of HRS § 286-

---

[1] The Honorable William A. Cardwell presided.

102 (2007). Ezra pleaded no contest to both charges. With respect to the OVUII charge, on September 9, 2009, the District Court sentenced Ezra to fifteen days of incarceration and ordered him to pay a fine of $600 and various fees. Ezra did not appeal his OVUII conviction or sentence.

On August 23, 2010, after his OVUII conviction had become final, Ezra filed an "[HRPP] Rule 40 Petition for Post Conviction Relief" (Rule 40 Petition). In support of his Rule 40 Petition, Ezra cited State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), and argued, among other things, that his OVUII charge was deficient because it failed to allege that the offense occurred on a public roadway. Ezra asserted that the deficiency in his OVUII charge was a jurisdictional defect which required that his OVUII conviction be reversed. Ezra acknowledged that he had already completed serving his sentence of fifteen days of incarceration. He did not claim that he suffered any prejudice resulting from the failure of his OVUII charge to allege that the offense occurred on a public roadway.

The District Court denied Ezra's Rule 40 Petition. The District Court distinguished Ezra's situation from Wheeler because in Wheeler, the defendant had challenged the sufficiency of the charge at the time of arraignment. The District Court found that Ezra had not challenged his OVUII charge until he filed his Rule 40 Petition. Applying the liberal construction rule, the District Court concluded that Ezra's OVUII charge, which it indicated was the same charge used in "literally thousands of cases over the past several years[,]" could reasonably be construed to charge a crime. The District Court further concluded:

> [Ezra's] position is, essentially, that virtually every [OUVII] conviction for many years before November 17, 2009, is subject to Rule 40, HRPP post-conviction relief. This court does not believe that the Court's decision in Wheeler requires such a result.

II.

On appeal, Ezra argues that the District Court erred in denying his Rule 40 Petition. Ezra contends that: (1) under

2

Wheeler, his OVUII charge was fatally defective for failing to allege that the offense occurred on a "public way, street, road, or highway" (public-road element); (2) that the Motta/Wells liberal construction rule[2] does not apply to charges that fail to allege a material element; and (3) assuming that the liberal construction rule does apply, Ezra's charge was still fatally defective.

This court recently issued a published opinion in Christian v. State, CAAP-11-0000147, 2013 WL 6246502 (Hawai'i App. Nov. 27, 2013), that rejected an HRPP Rule 40 petitioner's attempt to collaterally attack his OVUII conviction based on the failure of his OVUII charge to allege the public-road element. Like the petitioner in Christian, Ezra challenged the sufficiency of his OVUII charge for the first time on collateral review; Ezra does not claim that he suffered any prejudice from the failure of his OVUII charge to specifically allege the public-road element; and Ezra does not demonstrate any exceptional circumstances warranting relief. For the reasons set forth in Christian, we conclude that Ezra's arguments on appeal do not entitle him to relief under HRPP Rule 40.

III.

We affirm the District Court's Order Denying Rule 40 Petition.

DATED: Honolulu, Hawai'i, December 17, 2013.

On the briefs:

Jonathan Burge
for Petitioner-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City & County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[2] See State v. Motta, 66 Haw. 89, 90-91, 657 P.2d 1019, 1019-20 (1983); State v. Wells, 78 Hawai'i 373, 381, 894 P.2d 70, 78 (1995).